UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER BAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-42-TRM-DCP |
| | ) | |
| YES MANAGEMENT, LLC, YES | ) | |
| COMPANIES WFC, LLC, and LORI NEAL, | ) | |
| leasing officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Permission to Withdraw as Counsel of Record [Doc. 24], filed by Plaintiff's counsel. The Motion states that Plaintiff was provided with a copy of the instant motion on September 18, 2018. In addition, the Motion states that the parties will suffer no prejudice as a result of the withdrawal. The Motion explains that written discovery has been substantially completed by both parties and that depositions are presently being scheduled. The Motion states that there is ample time to complete discovery by the deadline on April 19, 2019. Further, the Motion provides that there are no other pending motions and that the trial in this case is set for September 19, 2019. The Motion states that if counsel continues to represent Plaintiff, such representation will create great hardship as it will require counsel's law firm to put forth extensive time and resources for which it may not be compensated. The Motion includes Plaintiff's current address and telephone number.

Pursuant to Local Rule 83.4(g), in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion for Permission to Withdraw as Counsel of Record [Doc. 24] complies with the Local Rules, and it is hereby **GRANTED**. The Court expects Attorney Friauf to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request. Attorney Friauf with the Law Office of James W. Friauf, PLLC is **RELIEVED** of his duties as counsel in this case.

Plaintiff is hereby **ADMONISHED** that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's

Orders.  The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff at the address provided in the Motion for Permission to Withdraw as Counsel of Record and to update ECF accordingly.

    **IT IS SO ORDERED.**

                                          ENTER:

                                          _/s/ Debra C. Poplin_
                                          Debra C. Poplin
                                          United States Magistrate Judge