# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER BAYLOR, | ) | |
| | ) | Case No. 3:18-cv-42 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| YES MANAGEMENT, LLC et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' motion to dismiss pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure (Doc. 43) and Defendants' second motion to compel discovery (Doc. 45). For the following reasons, Defendants' motion to dismiss (Doc. 43) will be **DENIED** and Defendants' motion to compel (Doc. 45) will be **DENIED IN PART AS MOOT** and **REFERRED IN PART** to United States Magistrate Judge Debra C. Poplin.

### I. BACKGROUND

Plaintiff filed this housing-discrimination action on February 5, 2018. (Doc. 1.) The Court originally set it for trial on March 11, 2019. (Doc. 20.) In August 2018, the Court granted the parties' joint motion to move the trial date to September 9, 2019, due to "delays with discovery." (Doc. 22, at 1; Doc. 23.) Soon after, Plaintiff's previous counsel withdrew, and Plaintiff has been proceeding *pro se* since October 16, 2018. (Doc 25.) When his counsel withdrew, Plaintiff moved for an indefinite extension of time to find new counsel, which the Court denied because there were no approaching deadlines. (Doc. 26, at 2; Doc. 28.) In its order denying that motion, the Court noted:

> [T]he earliest deadline in this case is March 4, 2019. (Doc. 23.) As noted in the Court's order allowing Attorney Friauf to withdraw, "written discovery has been substantially completed by both parties and . . . there is ample time to complete discovery by the deadline[.]" (Doc. 25, at 1.) The trial is set for September 19, 2019, and are no other pending motions. (*Id.*; Doc. 23.)

(Doc. 28.)

Afterwards, several of the documents the Clerk mailed to Plaintiff were returned as undeliverable (Docs. 29–31), indicating that Plaintiff had failed to update his address in accordance with Local Rule 83.13. (*See* Doc. 27.) Plaintiff blamed this failure on his previous counsel, accusing him of purposefully providing the Court "with an inaccurate mailing address, so subsequent notices would not be timely received, causing undue delay and prejudice to Plaintiff." (Doc. 50, at 2.) Plaintiff updated his address on November 13, 2018 and appears to now be receiving notice of filings. (Doc. 33.)

On December 14, 2018, United States Magistrate Judge Debra C. Poplin granted in part Defendants' motion to compel discovery and ordered Plaintiff to respond by December 28, 2018 to Defendants' First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests"), which Defendants served upon him in June 2018. (Doc. 34; Doc. 21, at 2.) Magistrate Judge Poplin "admonishe[d] Plaintiff . . . that the failure to respond to Defendants' Discovery Requests in a timely manner may warrant sanctions, up to and including dismissal of this case." (Doc. 34 (citing Fed. R. Civ. P. 37(b)(2)).) When Plaintiff did not comply with Magistrate Judge Poplin's order by responding to the Discovery Requests, Defendants filed their first motion to dismiss on January 3, 2019. (Doc. 35.) Defendants cited Plaintiff's failure to respond to their Discovery Requests and to obey the Court's December 14, 2018 discovery order as grounds for dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). (*Id.*)

Plaintiff responded only by filing a motion to stay the proceedings. (Docs. 36, 37 (duplicate filings).) This motion, like his previous motion to stay proceedings (Doc. 26), states that Plaintiff has been prejudiced by his counsel's withdrawal and argues that Plaintiff will be harmed absent a stay "until legal counsel is retained . . . ." (Doc. 37, at 2.) The Court again denied Plaintiff's motion for a stay of proceedings but allowed Plaintiff until February 28, 2019 to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents. (Doc. 38, at 2.) The Court warned Plaintiff that "failure to file [a notice of compliance] will result in the Court's immediate consideration of Defendants' outstanding motion to dismiss and/or dismissal under Federal Rule of Civil Procedure 41." (*Id.*) On February 27, 2019, when Plaintiff filed his notice and responses to Defendants' Discovery Requests, it appeared he had complied with the Court's January 15, 2019 order. (Doc. 39.) Accordingly, the Court denied Defendants' motion to dismiss. (Doc. 40.)

A week later, Defendants filed a motion to extend all deadlines and continue the trial date. (Doc. 41.) Defendants represented that more time was needed to complete discovery because, "[s]ince Plaintiff's counsel withdrew, there have been no communications with the Plaintiff about discovery responses until the responses were filed with this Court on February 28, 2019. Counsel for Defendants has received no documents despite the fact that the responses indicate documents are being produced." (*Id.* at 2.)

On March 14, 2019, the Court convened a telephonic status conference, for which Plaintiff failed to appear without good cause, although Plaintiff had agreed upon the date and time. Defendants' counsel participated in the conference and stated that she sent Plaintiff a letter on March 13, 2019, detailing discovery deficiencies and providing him an opportunity to cure those deficiencies. (*See* Doc. 43-1, at 3–4 (Defendants' counsel's letter to Plaintiff).) Because

3

there was still time to complete discovery prior to the deadlines for the final witness list and the close of discovery, both in April, the Court denied Defendants' motion to continue the deadlines and trial date. (Doc. 42.) The Court, however, "remind[ed] the parties of their obligation to comply in good faith with discovery requests and urge[d] the parties to file any necessary motions to compel discovery or for sanctions prior to the relevant deadline." (*Id.* at 2.)

Four days after the telephonic status conference, Plaintiff responded with an e-mail addressing some of Defendants' claims of deficiencies and inaccuracies. (Doc. 43-1, at 5.) For example, he stated he did not have to list his private e-mail address in response to an interrogatory. (*Id.*) Defendants' counsel replied with an additional deficiency, specifically Plaintiff's failure to list his current litigation with his wife in his interrogatory responses. (*Id.* at 7.) Plaintiff responded, in part, "You can file a motion to compel, since I object to including any issues with my family in a suit that is none of your business." (*Id.*)

On April 5, 2019, Defendants filed a second motion to compel discovery (Doc. 45), a second motion to dismiss based on Plaintiff's failure to properly respond to discovery requests served upon him in June 2018 (Doc. 43), and a second motion to extend all deadlines in the amended scheduling order and continue the trial date (Doc. 44). Defendants' counsel averred that she still had not received any documents, even though Plaintiff indicated on February 27, 2019, in his interrogatory responses, that he would provide them. (Doc. 43-1, at 1.) Defendants' motion to compel lists a number of allegedly inaccurate interrogatory responses, as well as the types of documents Plaintiff has not produced, including any written communications or audio recordings relating to allegations in specific paragraphs in the complaint. (*See* Doc. 45.)

The Court granted Defendants' motion to continue the trial date, finding that "the ongoing discovery dispute has rendered it impracticable for the parties to meet the approaching

4

deadlines" and indicating that a new schedule would be set, if necessary, after resolving Defendants' pending motion to dismiss. (Doc. 46, at 2.) On May 16, 2019, the Court held another telephonic status conference, during which Plaintiff agreed to produce all responsive documents in his possession by May 17, 2019. (*See* Doc. 53.) The Court then ordered Plaintiff to do so, and ordered Defendants to file a status update by May 24, 2019. (Doc. 54.)

Defendants' status update states that Plaintiff has turned over documents responsive to Requests for Production 13, 14, 20, 21, and 22. (Doc. 55, at 2.) Defendants dispute, however, that Plaintiff has turned over all documents responsive to Requests for Production 13, 14, and 20 and ask that Plaintiff be limited at trial to the pages he has produced. (*Id.*) Defendants also allege two other deficiencies. First, they note that Plaintiff claims to have no documents responsive to Requests for Production 1 and 2, which Defendants find "highly unlikely." (*Id.*) Second, they note that "Plaintiff still has not supplemented his responses to Interrogatories 1, 2 and 3 as set forth in Defendants [sic] Motion to Compel filed April 5, 2019." (Doc. 55, at 2.)

Defendants' second motion to dismiss (Doc. 43) and second motion to compel (Doc. 45) are now ripe for the Court's review.

**II.     DEFENDANTS' MOTION TO DISMISS**

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, that the Court "may issue further just orders[,]" including dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v).

Defendants renewed their motion to dismiss "because Plaintiff was ordered to respond to the Discovery Requests by February 28, 2019, and he [ ] failed to do so." (Doc. 43, at 1.) Although he promised in his interrogatory responses to provide documents relevant to various numbered requests for production, he provided no documents at all by that date. (Doc. 39, at 16–

5

17, 21–22; Doc. 41, at 2). However, Defendants' status update states that Plaintiff has now turned over some responsive documents. (Doc. 55, at 2.) Because Plaintiff has now complied, at least to some extent, with Defendants' requests for production, the Court declines to consider dismissal at this time. Defendants' second motion to dismiss (Doc. 43) will be **DENIED**.

### III. DEFENDANTS' MOTION TO COMPEL

Alternatively, Defendants move the Court to compel Plaintiff to provide complete and accurate responses and documents responsive to their Discovery Requests and to order Plaintiff to pay their reasonable attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (Doc. 45, at 5–6.) Defendants' motion to compel, filed April 5, 2019, details specific alleged deficiencies. (*See generally* Doc. 45.)

After the Court convened the second telephonic status conference, Plaintiff turned over documents responsive to Defendants' Requests for Production 13, 14, 20, 21, and 22. (Doc. 55, at 2.) However, Defendants dispute, in their status update, that Plaintiff has turned over all documents responsive to Requests for Production 13, 14, and 20 and ask that Plaintiff be limited at trial to the pages he has produced. (*Id.*) The Court will **DENY IN PART AS MOOT** Defendants' motion to compel (Doc. 45) as it relates to Requests 13, 14, 20, 21, and 22. The Court will at this time defer consideration of Defendants' request to exclude documents Plaintiff has not produced. The Court will consider any request to exclude such documents if and when necessary.

In their status update, Defendants note that two other alleged deficiencies raised in their motion to compel are still unresolved. (Doc. 55, at 2.) First, they note that Plaintiff claims to have no documents responsive to Requests for Production 1 and 2, which Defendants find "highly unlikely." (*Id.*) Second, they note that "Plaintiff still has not supplemented his

6

responses to Interrogatories 1, 2 and 3 as set forth in Defendants [sic] Motion to Compel filed April 5, 2019." (Doc. 55, at 2.) The Court will **REFER IN PART** these portions of Defendants' motion to compel, as well as Defendants' request for attorneys' fees, to Magistrate Judge Poplin (Doc. 45).

### IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss (Doc. 43) is **DENIED**. Defendants' motion to compel discovery (Doc. 45) is **DENIED IN PART AS MOOT** and **REFERRED IN PART** to Magistrate Judge Poplin, as provided above. The Court will enter a separate scheduling order setting the remaining dates and deadlines in this matter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**